IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-12-46-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| JOSHUA LAWRENCE EAGLE, | |
| Defendant. | |

## I.  Synopsis

Mr. Eagle was accused of violating his conditions of supervised release by failing to: report to his probation officer as directed, notify his probation officer prior to a change of address, participate in substance abuse testing, and participate in substance abuse treatment.  Mr. Eagle's supervised release should be revoked. He should be sentenced to three months, with 21 months of supervised release to follow.  A condition should be added requiring him to spend 180 days in a residential reentry center.

## II.  Status

In September 2012, Mr. Eagle pleaded guilty to Burglary.  (Doc. 23.) United States District Court Judge Sam E. Haddon sentenced Mr. Eagle to 12

1

months in custody and three years of supervised release.  (Doc. 28.)

Mr. Eagle began his first term of supervised release on February 25, 2014.

On September 25, 2014, the United State Probation Office filed a petition asking

the Court to revoke Mr. Eagle's supervised release.  (Doc. 31.)  On November 6,

2014, United States District Court Judge Brian Morris revoked Mr. Eagle's

supervised release and continued disposition of the matter for 90 days to allow Mr.

Eagle to demonstrate that he could comply with the conditions of his release.

(Docs. 40, 51.)  Mr. Eagle was to be released from custody as soon as

arrangements could be made for his transportation home.

On November 19, 2014, the parties filed a joint status report to notify the

Court that Mr. Eagle remained in custody and there was no viable option to

transport him home.  (Doc. 41.)  Mr. Eagle ultimately returned home on December

19, 2014.  (Doc. 51.)  On April 23, 2015, Judge Morris revoked Mr. Eagle's

supervised release and sentenced him to six months of custody, followed by 24

months of supervised release.  (Doc. 48.)  Mr. Eagle began his current term of

supervised release on August 21, 2015.  (Doc. 51.)

**Petition**

On October 7, 2015, the United States Probation Office filed a petition

asking the Court to revoke Mr. Eagle's supervised release.  (Doc. 51.)  Based on

the petition, the undersigned issued a warrant for Mr. Eagle's arrest. (Doc. 52.)
The Probation Office accused Mr. Eagle of violating Standard Condition 2 of his
supervised release by failing to report to his probation officer as directed. The
Probation Office accused Mr. Eagle of violating Standard Condition 6 of his
supervised release by failing to notify his probation officer prior to a change in
residence. The Probation Office accused Mr. Eagle of violating Special Condition
1 of his supervised release by failing to participate in substance abuse testing. The
petition alleged Mr. Eagle violated Special Condition 2 of his supervised release by
failing to participate in substance abuse treatment. (Doc. 51.)

### Initial appearance

Mr. Eagle appeared before the undersigned on October 13, 2015, in Great
Falls, Montana, for an initial appearance. Federal Defender Henry Branom
accompanied him at the initial appearance. Assistant United States Attorney Bryan
Dake represented the United States.

Mr. Eagle said he had read the petition and understood the allegations. Mr.
Eagle waived the preliminary hearing, and the parties consented to proceed with
the revocation hearing before the undersigned.

### Revocation hearing

On October 13, 2015, Mr. Eagle appeared with Mr. Branom before the

undersigned for a revocation hearing.  Mr. Dake appeared on behalf of the United States.  Mr. Eagle admitted that he violated the conditions of his supervised release.  The violations are serious and warrant revocation of Mr. Eagle's supervised release.

Mr. Eagle's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony.  He could be incarcerated for up to 24 months.  He could be ordered to remain on supervised release for 30 months, less any custody time imposed.  The United States Sentencing Guidelines call for three to nine months in custody.

The parties jointly recommended a sentence at the low end of the guideline range, with a term of supervised release to follow.  The parties noted the violations are frustrating because they would be so easy to remedy.  Mr. Eagle addressed the Court and said he doesn't know what is going on with him.

### III.  Analysis

Mr. Eagle's supervised release should be revoked because he admitted violating its conditions.  Pursuant to the parties' joint recommendation, Mr. Eagle should be sentenced to three months of custody, with 21 months of supervised release to follow.  This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.  A condition should be

added to require Mr. Eagle to spend 180 days in a residential reentry center.

### IV.   Conclusion

Mr. Eagle was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Eagle's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Eagle's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> 1.  Joshua Lawrence Eagle violated Standard Condition 2 of his supervised release by failing to report to his probation officer as directed.
>
> 2.  Joshua Lawrence Eagle violated Standard Condition 6 of his supervised release by failing to notify his probation officer of his updated address.
>
> 3.  Joshua Lawrence Eagle violated Special Condition 1 of his supervised release by failing participate in substance abuse testing as directed.
>
> 4.  Joshua Lawrence Eagle violated Special Condition 2 of his supervised release by failing to participate in substance abuse treatment as directed.

The Court **RECOMMENDS:**

The District Court should enter the attached Judgment,

revoking Mr. Eagle's supervised release and committing
Mr. Eagle to the custody of the United States Bureau of
Prisons for three months.  He should be sentenced to 21
months of supervised release.  The conditions previously
imposed should be continued, and a condition requiring
Mr. Eagle to spend 180 days at a residential reentry
center should be added.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to

which objection is made.  The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations.  Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive

the right to appear and allocute before a district judge.

Dated the 15th day of October, 2015.


_____
John Johnston
United States Magistrate Judge